IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Midland National Life Insurance Company, | Case No. 3:13 CV 814 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Tammy M. Gavin, et al., | |
| Defendants. | |

### INTRODUCTION

This Court denied Plaintiff Midland National Life Insurance Company's Motion for Summary Judgment in this declaratory judgment action involving a life insurance policy Midland issued to John Christopher Gavin in August 2011 (Doc. 40). Midland has filed a Motion for Reconsideration (Docs. 41–42). Defendants Tammy, John, and Kara Gavin (the policy's beneficiaries) oppose (Doc. 47). For the reasons below, this Court denies the Motion for Reconsideration.

### STANDARD OF REVIEW

This Court clarified with Midland's counsel that it is seeking relief under Federal Civil Rule 60(b)(1). Rule 60(b)(1) allows a district court to vacate an order or final judgment because of "mistake, inadvertence, surprise, or excusable neglect." This provision provides relief when the district court "has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Relief is discretionary. *Douglass v. Pugh*, 287 F.2d 500, 503 (6th Cir. 1961).

The moving party must establish "the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

**ANALYSIS**

Midland claims this Court committed a "mistake of law" under Rule 60(b)(1) by reading too broadly the Ohio Supreme Court's holding in *Jenkins v. Metro. Life Ins. Co.*, 171 Ohio St. 557 (1961). Midland claims that *Jenkins* limits the ability of a life insurance policyholder or beneficiary to rebut the presumption that a false answer was made willfully and fraudulently -- which applies "only where the applicant has given an untrue answer to a question asking whether he had consulted a physician within a specified number of years before completing the application," and not to Gavin's answers in this case "where the questions in the application requested 'yes' or 'no' answers" about medical conditions (Doc. 42 at 1–2). However, *Jenkins* did not limit its holding in such a fashion. Indeed, other courts have noted the exceptions identified in *Jenkins* without limiting its application to questions about consulting with physicians. *See Blakely v. Security Dollar Bank*, 2001 WL 848581, at *3 (Ohio Ct. App. 2001) (citing *Jenkins* in reference to that appellant's argument that he "made an honest mistake regarding the seriousness of his condition" such that "he did not truly understand his condition").

Midland further misses the mark with its argument that this Court misapplied *Jenkins* because *Jenkins* determined that the insured had failed to rebut the presumption that his response was willfully fraudulent. As Defendants note in their brief, *Jenkins* was tried to a jury, not decided on summary judgment. As stated in this Court's prior Order, the record here contains some evidence (which a factfinder could accept or reject) that Gavin may not have appreciated his medical history posed

2

serious issues, particularly in light of the testimony of Tim Croak and Lorraine Hugill. Therefore, material facts remain for a jury.

## CONCLUSION

For the reasons stated above, Midland's Motion for Reconsideration (Docs. 41–42) is denied.

IT IS SO ORDERED.

                         s/ *Jack Zouhary*
                         JACK ZOUHARY
                         U. S. DISTRICT JUDGE

February 10, 2015